## HEWETT v. BLUTHENTHAL & BICKART INCORPORATED.

ATKINSON, J. 1. In a suit by an indorsee of a promissory note held as collateral security for an open account due by the indorser to the indorsee, an amendment to the plea which alleged that the open account was for intoxicating liquors purchased by the defendant from the plaintiff, a resident of another State, and that the laws of Georgia prohibited the sale of liquors in this State, but did not allege that the sale of the liquors was in this State, and the petition did not show that the sale of the liquors was in this State, there was no error in disallowing the amendment upon objection that it failed to show the place of the contract of sale.

2. In the trial of the suit just mentioned, it appeared that the note contained a clause, "Each of us, whether maker or indorser, waives homestead," etc., and was indorsed in blank by the defendant, who was the payee therein named, and the note, together with a bond for title, was attached to the written contract between the indorser and the indorsee, which, after referring to the account, contained the following stipulations: "which account has been agreed to by me as correct. It is the intention hereby to convey all my interest in the said bond for title and the note above mentioned to the said Bluthenthal & Bickart Inc., and to place them in the same position that I now hold to the said property and to the said H. F. Grice; and upon the payment of the said open account by me, or the collection of the said promissory note by the said Bluthenthal & Bickart and the payment of said open account from the proceeds thereof, the said Bluthenthal & Bickart hereby agree to cancel this transfer and conveyance, and to pay me, the said Nelson T. Hewett, any balance that may remain in its hands after settlement of all claims against me by reason of the said account or any of the covenants herein contained." *Held*, that the indorsement upon the note is to be considered in connection with the stipulations just quoted, and that the entire written contract concludes the defendant upon the question of his liability upon the note to the extent of the debt on the open account; and although evidence was admitted, without objection, to the effect that it was not intended that the defendant should incur any personal liability on account of the indorsement, the judge did not err in refusing to submit that issue to the jury.

3. In the light of the pleadings and evidence and the entire charge, there was no merit in the grounds of the motion for new trial, complaining of certain excerpts from the charge, and of the refusal to charge.

4. The evidence was sufficient to authorize the verdict, and there was no error in refusing a new trial.

                    *Judgment affirmed. All the Justices concur.*
                    APRIL 10, 1917.

Equitable petition. Before Judge Sheppard. McIntosh superior court. September 19, 1916.

*Way & Burkhalter,* for plaintiff in error. *Max Isaac,* contra.